People v Tarek (2025 NY Slip Op 51986(U))

[*1]

People v Tarek (Dewan)

2025 NY Slip Op 51986(U)

Decided on December 12, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2024-410 Q CR

The People of the State of New York, Appellant,
against
Dewan Tarek, Respondent. 

Queens County District Attorney (Johnnette Traill, William H. Branigan, Lucy E. Pannes and Nicholas Isaacson of counsel), for appellant.
Appellate Advocates (Robert C. Langdon of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Jessica Earle-Gargan, J.), dated September 26, 2023. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied, and the matter is remitted to the Criminal Court for all further proceedings.
Defendant was charged in an accusatory instrument, dated March 23, 2023, with endangering the welfare of a child (Penal Law § 260.10 [1]). Eighty three days later, on June 14, 2023, at 3:24 p.m., the People filed a Certificate of Compliance (COC), via the New York State Uniform Court System's Electronic Document Delivery System (EDDS), in which they certified that, after exercising due diligence and making reasonable inquires to ascertain the existence of material and information subject to discovery, all known material and information subject to discovery that was not the subject of a protective order was being disclosed and made available. The COC included a list of all of the discovery that had been provided (see former CPL 245.50 [1]).[FN1]
Annexed to the COC was an affirmation of service, supporting depositions, and a Statement of Readiness (SOR), which included a CPL 30.30 (5-a) statement certifying that the accusatory instrument was facially sufficient. Thirty-one minutes later, at 3:55 p.m., the People electronically served and filed a Supplemental COC, identifying the additional information being provided and stating that they had discovered that the contact information for one of the Child [*2]Protective Service agents involved in this matter was inadvertently redacted in the prior disclosure (see former CPL 245.50 [1], [1-a]). The annexed affirmation of service stated that "[t]he People maintain their readiness for trial."

On July 24, 2023, the parties appeared in court (Diego A. Freire, J.) and the People notified the court of their filings, stated that they were ready for trial, and asked the court to mark them ready as of June 14, 2023, when they filed their COC and SOR. The defense attorney who appeared in the assigned counsel's place for the conference stated that the only information she had was that the assigned counsel was objecting to readiness, asking for more time to go through the discovery, and requesting either a discovery conference or a motion schedule. Additionally, that attorney answered in the affirmative when asked by the court: "You're saying based on what she [referring to the assigned defense counsel] has reviewed of the COC, she does not believe it to be a valid COC?" The court then set out a motion schedule. 

By notice of motion dated August 23, 2023, the assigned counsel moved to dismiss the accusatory instrument on statutory speedy trial grounds. In an affirmation in support, she admitted to having received the supporting depositions, the discovery, the EDDS filing confirmation, and the Supplemental COC. However, she denied receipt of the original COC until she called the prosecutor on August 17, 2023 "to inquire about the original COC's filing, as it was never received, neither by email nor via the discovery portal." That same day, the People emailed defense counsel a copy of the original COC, SOR, the supporting depositions, and an EDDS confirmation of the COC's filing, which documents were annexed to the motion papers. Defense counsel claimed that, "[w]hile the People filed the original COC with the court on June 14, 2023, they neither uploaded it to the discovery portal nor shared it with [her] on that date, ultimately failing to meet their statutory obligation." 

The People opposed the motion contending that, since defense counsel admitted timely receipt of the Supplemental COC, which referred to the prior filing of the original COC and which included language of their readiness, she was on notice, as of June 14, 2023, that they had provided discovery, had filed an original COC, and were ready for trial. Furthermore, the People asserted that their failure to upload and serve the original COC upon defense counsel was inadvertent human error and not a demonstration of bad faith. Moreover, they argued that defendant had a statutory duty to notify them of any missing documentation "as soon as practicable" (former CPL 245.50 [4] [b]).

In an order dated September 26, 2023, the Criminal Court (Jessica Earle-Gargan, J.) granted the motion, concluding that more than 90 days were chargeable to the People. The court found that there was no dispute that the 83 days between March 23, 2023, when the accusatory instrument was filed, and June 14, 2023, when the People filed the COC and SOR, were chargeable to them. However, the court determined that the People failed to serve the COC and SOR on defendant or his attorney until August 17, 2023. The court concluded that the CPL 30.30 clock continued to run until July 24, 2023, when defendant requested a motion schedule. Consequently, the court determined that the People would be charged with the 40 days from June 14, 2023 through July 24, 2023, resulting in a total of 123 days of chargeable time. 

On appeal, the People contend that the Criminal Court's order should be reversed and defendant's motion denied because, by June 14, 2023, they had provided defense counsel with all discoverable material in their possession and had filed a COC. They also electronically informed [*3]defense counsel on June 14th that they had filed a COC and notified her of their trial readiness. The People assert that their inadvertent failure to serve defendant with the original COC should be excused, under the circumstances, as they had acted in good faith and with due diligence in compliance with their statutory obligations. As their second contention, the People argue that defendant had a statutory obligation to notify them of any missing documentation "as soon as practicable" (former CPL 245.50 [4] [b]), which defendant failed to do.

As part of discovery reforms in New York, the legislature tethered the People's CPL article 245 discovery obligations to CPL 30.30's speedy trial requirements, through both the enactment of former CPL 245.50 (3) and former CPL 30.30 (5)[FN2]
(see People v Bay, 41 NY3d 200, 209-210, 214 [2023]; People v Wharton, 84 Misc 3d 26, 28 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). In analyzing the issue presented here, to wit, what is the consequence of the People timely filing a COC but inadvertently failing to serve it upon defendant, we borrow from the analysis presented by the Court of Appeals in Bay (41 NY3d 200), which involved the People's failure to provide complete discovery. Consequently, this court will apply a due diligence and good faith standard as applied in Bay.

Here, it is undisputed that, before filing the COC, the People exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery, and made a diligent good faith effort to disclose and make available that material and information (see former CPL 245.50 [1], [2]; Bay, 41 NY3d 200). Although the People filed an original COC, they mistakenly failed to serve it on defense counsel. However, 31 minutes after the initial filing, the People served and filed a Supplemental COC, which defense counsel admitted receiving, and which referred to the prior filing of the original COC. Further, on August 17, 2023, upon being notified that defense counsel had not been served with the original COC, the People immediately served defense counsel with it. Consequently, as it is not disputed that the People satisfied their burden of providing discovery and filing an original COC, their inadvertent failure to serve the original COC should not, under the circumstances presented herein, result in that COC being found invalid when applying a standard of good faith and due diligence(see People v Deas, 226 AD3d 823, 826 [2024]; People v Williams, 224 AD3d 998, 1006-1007 [2024]; People v Ulloa-Flores, 85 Misc 3d 136[A], 2025 NY Slip Op 50494[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2025]; People v Jawad, 84 Misc 3d 31, 35 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). Thus, the speedy trial clock stopped on June 14, 2023 and, therefore, the People did not exceed their 90-day speedy trial time (see Ulloa-Flores, 2025 NY Slip Op 50494[U]).

In view of the foregoing, we need not reach the People's second contention. Moreover, this court does not pass upon any issue concerning service of the SOR as defense counsel, in her affirmation in support of the subject motion, never alleged that she had not been served with it.[FN3]
[*4]In any event, we note that, on June 14, 2023, the People advised defense counsel that they were ready for trial.

Accordingly, the order is reversed, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied, and the matter is remitted to the Criminal Court for all further proceedings.

BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur.

ENTER:

Jennifer Chan

Acting Chief Clerk

Decision Date: December 12, 2025

Footnotes

Footnote 1:The New York State Legislature amended CPL article 245, effective August 7, 2025 (see L 2025, ch 56, part LL, §§ 1-5, 7).

Footnote 2:The New York State Legislature amended CPL 30.30 (5), effective August 7, 2025 (see L 2025, ch 56, part LL, § 6).

Footnote 3: It should be noted that, even though the motion papers only mentioned that the COC was not received by defense counsel, the Criminal Court, in its order, stated that both the COC and SOR were first served on August 17, 2023.